IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BETTY A. EVANS,**

    **Plaintiff,**

v.                                                    **Civil Action No.: 2:10-cv-945**
                                                    **Judge Thomas E. Johnston**

**TRANS UNION, LLC, and**
**CHARLESTON AREA MEDICAL**
**CENTER, INC. d/b/a HEALTHCARE**
**FINANCIAL SERVICES,**

    **Defendants.**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT**
**CHARLESTON AREA MEDICAL CENTER, INC.'S MOTION TO DISMISS**

On this day came the Plaintiff, Betty A. Evans, by counsel, Kevin Baker of the law firm Baker & Brown, PLLC, and responds in opposition to Defendant Charleston Area Medical Center, Inc.'s ("CAMC") Motion to Dismiss [Docket 6]. For the reasons detailed below, the Plaintiff respectfully requests that the Court deny CAMC's motion.

**STANDARD OF REVIEW**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint meets the minimum requirements of Federal Rule of Civil Procedure 8(a). Namely, the Court must decide whether the Complaint states "a short and plain statement of the claim showing that the pleader is entitled to relief." See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). In deciding whether the Complaint states sufficient facts, which, if proven, would entitle the Plaintiff to relief under a cognizable legal claim, the Court must take all factual allegations contained in the Complaint in the light most favorable to the

1

non-moving party.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  Accordingly, the Court should deny a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff alleges sufficient facts that state a cognizable claim that is plausible on its face.  Twombly, 550 U.S. at 570.

## **SUMMARY OF RELEVANT FACTS**

The Plaintiff filed the Complaint against both Defendant CAMC and Defendant Trans Union, LLC ("TransUnion") in the Circuit Court of Kanawha County, West Virginia.  The Complaint contains three distinct Counts or Causes of Action.  The first two Counts arise under the Fair Credit Reporting Act ("FCRA") and are against TransUnion.  The third Count arises under West Virginia common law negligence and is against CAMC.

As stated in the Complaint, the Plaintiff was denied credit due to a credit report from TransUnion that incorrectly showed a debt of $22,100 to Health Care Financial Services.  The FCRA claims against TransUnion involve allegations that TransUnion violated the FCRA by (Count I) failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff and (Count II) failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, failing to maintain reasonable procedures with which to filter and verify disputed information, and by relying upon verification from a source it had reason to know is unreliable.  These claims are not made against CAMC.

Instead, the claim against CAMC is one of common law negligence.  At the time the Plaintiff received treatment at CAMC, she had medical insurance through TRICARE of Health

Net Federal Services ("Health Net"). Health Net received a claim from CAMC in 2007 for $22,193 and processed the claim in accordance with its maximum coverages. Health Net then made a payment to CAMC for $10,148.06, which CAMC accepted. In accordance with the Health Net policy, CAMC should have considered the payment of $10,148.06 as payment in full for the Plaintiff's bill, in addition to the $44 co-payment owed by the Plaintiff. Instead, CAMC accepted the payment from Health Net and did not apply that payment to the Plaintiff's account. Accordingly, the Plaintiff's account showed that she owed $22,193. Therefore, the Complaint alleges that CAMC acted negligently when it accepted payment from the Plaintiff's insurance provider, but failed to properly record the payment pursuant to their agreement with the Plaintiff's health insurance provider. Due to this act of negligence, CAMC reported this incorrect debt to TransUnion. Thereafter, the Plaintiff suffered an injury due to CAMC's negligent processing of her health insurance provider's payment in full (less a $44 copayment).

## **ARGUMENT**

The Plaintiff's common law negligence claim against CAMC relates to the processing of the Plaintiff's insurance payments, rather than reporting an account to TransUnion. However, if the Court deems that the negligence claim is regarding credit reporting, the Plaintiff avers that CAMC acted with willful intent to injure the Plaintiff.

### A. **Defendant CAMC Negligently Processed the Plaintiff's Insurance Payment**

The only case that Defendant CAMC cites in support of its argument for summary judgment is distinguishable from this case. Defendant CAMC's Memorandum in Support of its Motion to Dismiss [Docket 7] argues that the Plaintiff's claim under West Virginia common law is preempted by the FCRA. In support of this argument, Defendant CAMC cites to a recent

decision from the Northern District of West Virginia, <u>Padgett v. OneWest Bank, FSB</u>, 3:10-cv-08, 2010 WL 1539839 (N.D. W. Va. Apr. 19, 2010). The decision in <u>Padgett</u> addresses a different type of claim than the Plaintiff brings in this matter. In <u>Padgett</u>, the Plaintiff alleged that OneWest Bank was negligent in reporting debt to credit reporting agencies. See <u>Padgett</u>, 2010 WL 1539839, at *12. In the pending case, the Plaintiff alleges that CAMC was negligent in processing the payment of the Plaintiff's bill by the Plaintiff's insurance company. While it is true that CAMC's negligent conduct in processing the payment from the Plaintiff's insurance company eventually led to a reporting of debt to a credit reporting agency, the Plaintiff does not assert that it was this reporting of the debt that was done negligently. Rather, the Plaintiff asserts that the processing of the insurance company's payment itself was done negligently and that the reporting of the debt simply flowed from Defendant CAMC's negligent processing.

      Accordingly, the Plaintiff brings a common law negligence claim against CAMC for its failure to properly process the payment by the Plaintiff's health insurance provider. Because the claim is not alleging negligent reporting of the debt, it is not preempted by the FCRA and the Plaintiff must only successfully plead the elements of negligence. The elements of a negligence claim under West Virginia common law are: duty, breach, causation, and damages. <u>See, e.g.</u>, <u>Daugherty v. Baltimore & O. R. Co.</u>, 135 W. Va. 688 (1951). In this case, CAMC owed a duty to the Plaintiff to correctly process payments by the Plaintiff's health insurance provider. CAMC breached that duty to the Plaintiff when it accepted a check representing payment in full less the Plaintiff's $44 co-payment, but did not apply the payment to the Plaintiff's account. This breach caused CAMC to improperly reflect the Plaintiff's account as being more than $20,000 in arrears, which caused the Plaintiff to be damaged by losing credit, losing the ability to purchase

and benefit from credit, losing the ability to open a bank account, mental and emotional pain, anguish, humiliation, and embarrassment, and the inability to purchase her first home. Therefore, the Plaintiff has stated sufficient facts to withstand Defendant CAMC's motion to dismiss.

B. **Defendant CAMC Acted With The Willful Intent To Injure The Plaintiff**

Even if the Court agrees with Defendant CAMC's argument that the Plaintiff's claim against CAMC is a negligence claim regarding credit reporting, rather than a negligence claim regarding insurance payment processing, the Court should still deny the motion. As Defendant CAMC noted, the Padgett Court stated that a consumer can bring a negligence action involving the reporting of information against one who furnishes information to a consumer reporting agency if the false information is furnished "with malice or willful intent to injure such consumer." 2010 WL 1539839, at *12 (citing 15 U.S.C. §1681(e)). Defendant CAMC then argues that the Complaint does not allege malice or willful intent to injure the consumer. The Complaint does state however, that "[t]he conduct, action, and inaction of CAMC was done with reckless disregard for the interests and rights of the Plaintiff such as to justify an award of punitive damages against CAMC in an amount to be determined by the Court." (Compl. at ¶37.) Black's Law Dictionary defines "willful" as "[v]oluntary and intentional, but not necessarily malicious" and it defines "reckless disregard" as "[c]onscious indifference to the consequences of an act." Black's Law Dictionary 1630, 506 (8th ed. 2004). Accordingly, "willful" and "reckless disregard" each require showing that an act is taken knowingly, but without any malicious intent. Therefore, the Complaint does allege that CAMC acted willfully and, should

the Court conclude that the Plaintiff's claim against CAMC is preempted by the FCRA, the claim should still survive Defendant CAMC's Motion to Dismiss.

Alternatively, if the Court deems that the Plaintiff's Complaint does not rise to the level necessary to defeat Defendant CAMC's Motion to Dismiss, the Plaintiff respectfully requests that she be allowed to file an Amended Complaint that more clearly details her allegations as they pertain to CAMC.

## CONCLUSION

In sum, the Plaintiff respectfully requests that Defendant CAMC's Motion to Dismiss be denied because (1) the Plaintiff's negligence claim is not preempted by the FCRA as it relates to CAMC's negligent processing of the insurance company's check; and (2) even if the negligence claim is preempted by the FCRA, the allegations in the Complaint are sufficient to meet the FCRA's requirement that CAMC's conduct was willful. In the alternative, if the Court finds in favor of the Defendant, the Plaintiff respectfully requests the ability to file an Amended Complaint that specifically asserts the willfulness of CAMC's actions in incorrectly processing the payment check from the Plaintiff's health insurance provider.

        Respectfully submitted,

        **BETTY A. EVANS,**
        Plaintiff,
        By Counsel,

/s/ Kevin Baker
Kevin Baker (WV Bar No. 10815)
Baker & Brown, PLLC
707 Virginia Street East, Suite 230
Charleston, West Virginia 25301
304-344-5400
**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BETTY A. EVANS,**

    **Plaintiff,**

v.                                **Civil Action No.: 2:10-cv-945**
                                     **Judge Thomas E. Johnston**

**TRANS UNION, LLC, and
CHARLESTON AREA MEDICAL
CENTER, INC. d/b/a HEALTHCARE
FINANCIAL SERVICES,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Kevin Baker, do hereby certify that I have this 11th day of August, 2010, filed the foregoing Response to Defendant CAMC's Motion to Dismiss with the CM/ECF system thereby serving an electronic copy upon the following opposing counsel of record:

    Robert E. Ryan, Esq.
    Setliff Turner & Holland
    517 Ninth Street, 2nd Floor
    Huntington, WV 25701

    Robert L. Bandy
    KAY CASTO & CHANEY PLLC
    P. O. Box 2031
    Charleston, WV 25327-2031

                                                /s/ Kevin Baker
                                                Kevin Baker (WV Bar #10815)
                                                Baker & Brown, PLLC
                                                707 Virginia Street East
                                                Chase Tower, Suite 230
                                                Charleston, WV 25301
                                                304-344-5400